# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.                                                                                                 CIV. NO. 04-1255 LH/WPL
                                                                                             CR. NO. 02-1671 LH

MARIANO MARTINEZ-MAGANA,

    Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Mariano Martinez-Magana pled guilty, pursuant to a plea agreement, to possession with intent to distribute 100 kilograms and more of marijuana. [Doc. 30, 33][1] He was sentenced to 60 months in prison. [Doc. 33]

The matter is before me now on Martinez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the United States's response thereto. [Doc. 41, 49] For the reasons that follow, I recommend that the Motion be denied.[2]

---

[1] All document number references are to criminal number 02-1671 LH.

[2] The judgment was filed on January 15, 2003. [Doc. 33] More than three months later, Martinez attempted to appeal. [Doc. 38] On January 20, 2004, the Tenth Circuit dismissed the appeal as untimely. [Doc. 38] On May 28, 2004, Martinez filed a motion for extension of time to file a § 2255 motion, which the Court denied on September 29, 2004. [Doc. 39, 40] On November 2, 2004, he filed his § 2255 motion. [Doc. 41] Based on these dates, it appears that the § 2255 motion was filed outside the one-year limitations period. *See* 28 U.S.C. § 2255; *see also United States v. Smith*, No. 99-2329, 2000 WL 639488, at *1 (10th Cir. May 18, 2000) (unpublished) (holding that an untimely appeal did not toll the running of the limitations period for a § 2255 motion). Because the United States has not argued that Martinez's motion is time-barred and because I find the motion to be without merit for other reasons, I have not based my recommendation on the statute of limitations. *See Day v. Crosby*, 126 S. Ct. 34 (2005) (granting certiorari to decide whether a court may *sua sponte* dismiss a § 2254 petition as time-barred after the government has filed its response to the petition).

### *Apprendi* Claim

Martinez's first argument is founded on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  He states the issue as follows: "Whether a fact (other than a prior conviction) is necessary for an upward departure/enhancement from a statutory standard sentencing range must be proven according to the procedures mandated by Apprendi [sic]."  [Doc. 41 at 5]  Although I cannot determine from this statement exactly what Martinez's complaint is, it is apparent that no *Apprendi* violation occurred in this case.

In *Apprendi*, the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  *Apprendi* does not apply to drug prosecutions when the defendant pleads guilty and the sentence is based on the drug quantity alleged in the indictment.  *See United States v. Lujan*, 268 F.3d 965, 968-69 (10th Cir. 2001); *see also United States v. Booker*, 543 U.S. 220, 244 (2005) (recognizing that *Apprendi* does not apply to facts established by a plea of guilty or admitted by the defendant).

In this case, the indictment charged that Martinez possessed with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B).  [Doc. 17]  Martinez pled guilty to this charge.  At the plea hearing, he stated under oath that he was pleading guilty because he believed in his "heart of hearts" that he was guilty.  [TR 11/5/02 at 6]  After the prosecutor summarized the facts underlying the indictment, Martinez stated that the facts were correct.  [TR 11/5/02 at 11-13]  The Court sentenced Martinez to 60 months in prison--the statutory minimum for 100 kilograms of marijuana.  *See* 21 U.S.C. § 841(b)(1)(B)(vii).  [Doc. 33]  Thus, there was no *Apprendi* violation.

### *Blakely* Claim

Martinez's second and third arguments are founded on *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* does not apply retroactively to convictions that were final on the date it was decided--June 24, 2004. *United States v. Price*, 400 F.3d 844, 849 (10th Cir.), *cert. denied*, 126 S. Ct. 731 (2005). Because Martinez did not file a timely appeal, his judgment became final ten days after it was entered in January 2003, well before *Blakely* was decided. *See id.* at 846; FED. R. APP. P. 4(b)(1)(A)(i). Accordingly, *Blakely* does not apply here.

### Ineffective Assistance Claim

In his fourth and final argument, Martinez asserts ineffective assistance of counsel. He states: "Counsel fail[ed] to provide Applica[nt] the proper legal assistance with regards to Applicant's intentions to inform the District Attorney of the participation of several individuals involved. Counsel, for unknown reasons, seem[ed] to have a personal interest in said individuals, therefore avoiding to communicate Applicant's intentions to cooperate." [Doc. 41 at 6]

To establish ineffective assistance of counsel, Martinez must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689. Second, Martinez must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. Conclusory assertions are insufficient to establish ineffective assistance. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Martinez has presented nothing more than conclusory assertions, unsupported by any

specifics. He does not name or describe the roles played by the individuals whose identities he intended to reveal to prosecutors; does not describe his attempts to convey his intentions to counsel or counsel's response to his attempts; and does not explain why he believes counsel had a personal interest in the individuals. Martinez also does not explain how he was prejudiced by counsel's alleged deficient performance. He does not claim that he would not have pled guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Nor does he explain how his sentence, which was the statutory minimum, was affected. For these reasons alone, the ineffective assistance claim fails.

The record also belies the ineffective assistance claim. While Martinez was in federal custody but before he was indicted, the parties filed a joint motion to release Martinez for a debriefing interview. [Doc. 7] It thus appears that Martinez's counsel informed the prosecution of Martinez's desire to cooperate. The Court granted the motion, and ordered Martinez released to the custody of a law enforcement officer on August 8, 2002. [Doc. 9] Martinez would have had a direct opportunity to discuss the participation of other individuals during the debriefing interview.

On August 12, 2002, Martinez sent a letter to the Honorable Karen Molzen, United States Magistrate Judge, complaining about his attorney. Martinez stated that he was "willing to cooperate to a higher extent" and that he had given his attorney "names," but the attorney told Martinez that he did not believe him. [Doc. 13] Judge Molzen construed the letter as a motion to withdraw counsel and set the matter for a hearing. [Doc. 15] At the hearing, however, Martinez stated that he wanted to continue with the same attorney. [Doc. 14]

Martinez had another opportunity to inform the Court of his complaints about counsel during the plea hearing. At that hearing, he stated that he was "happy" with the representation he had received and that his attorney had "answered everything well." [TR 11/5/02 at 4]

Considering the conclusory nature of Martinez's ineffective assistance claim and the indications in the record that counsel told the prosecution about Martinez's desire to cooperate and that Martinez had a direct opportunity to describe the participation of the other individuals during the debriefing interview, Martinez has not established either prong of *Strickland*, nor has he demonstrated the need for a hearing on his ineffective assistance claim.  *See* 28 U.S.C. § 2255 (no hearing required if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief); *Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971) (conclusory assertions insufficient to warrant a hearing).[3]

### Recommendation

For the reasons stated herein, I recommend that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 41] be denied.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

*[Signature: William P. Lynch]*

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

---

[3] The United States has filed an affidavit by Martinez's counsel, describing his representation of Martinez. [Doc. 49 Ex. 2] I have not relied on the affidavit to decide any issue of fact or to deny Martinez a hearing.  *See Machibroda v. United States*, 368 U.S. 487, 491-95 (1962); *Sciberras v. United States*, 404 F.2d 247, 250 (10th Cir. 1968).